**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**HATTIESBURG DIVISION**

| | |
|---|---|
| M.T., by and through his next friend, Marcus Powell; R.R., by and through his next friend, Melissa Hall; on behalf of themselves and all persons similarly situated,<br><br>                                        Plaintiffs,<br><br>v.<br><br>FORREST COUNTY, MISSISSIPPI,<br><br>                                        Defendant. | Case No.  2:11 cv 91 KS-MTP |

## <u>AGREED ORDER</u>

On April 20, 2011, Plaintiffs filed suit challenging the conditions of confinement at the Forrest County Juvenile Detention Center. Plaintiffs and the Defendant, without any admission on behalf of either, agree that it is in the best interests of all parties to resolve this matter amicably without further litigation and cost to the taxpayers of Forrest County, Mississippi. Therefore, the parties agree to the following provisions of this Agreed Order to resolve this litigation.  The term "Forrest County Juvenile Detention Center" hereinafter refers collectively to Forrest County, its Board of Supervisors, and all County personnel who exert control over the operations of the Forrest County Juvenile Detention Center. This Agreed Order and its specific requirements shall apply fully to the Forrest County Juvenile Detention Center and to any contractors that may provide services to the Forrest County Juvenile Detention Center in the future. The term "youth" hereinafter refers to individuals confined at the Forrest County Juvenile

1

Detention Center. The Parties understand that the requirements contained herein will be implemented without undue delay as soon as practicable. Unless otherwise indicated herein, the parties will collaborate to make all reasonable efforts to ensure that within 60 days of the effective date of this agreement, policies and procedures consistent with this agreement are drafted, in the process of being implemented, and that all detention staff will receive training on the requirements of this agreement. The parties agree and understand that implementation will be an ongoing process that extends beyond the initial 60 days of this agreement.

## I.   **INTAKE**

1.1   All youth shall receive a Youth Assessment and Screening Instrument (YASI) screening, within 1 hour of admission, by appropriately trained staff to obtain information required by Miss. Code Ann. § 43-21-321.   "Information obtained during the screening shall include, but shall not be limited to, the juvenile's: (a) Mental health; (b) Suicide risk; (c) Alcohol and other drug use and abuse; (d) Physical health; (e) Aggressive behavior; (f) Family relations; (g) Peer relations; (h) Social skills; (i) Educational status; and (j) Vocational status." Miss. Code Ann. § 43-21-321(1).

1.2   All youth shall receive a MAYSI-2 mental health screening immediately upon admission, as required by Miss. Code Ann. § 43-21-321.  The screening will be conducted in private by appropriately trained staff.  If the screening indicates that the youth has urgent medical and/or mental health issues including, but not limited to, major depression, suicidal ideation, withdrawal from drugs or alcohol, or trauma, the youth shall be immediately evaluated by a mental health professional or taken to the local emergency room.

1.3   Forrest County Juvenile Detention Center shall ensure that all youth who have a valid, current prescription for medications are provided their medication within 8 hours of

admission, if possible, but in no case, longer than 24 hours after admission, including weekends and holidays.   If during a youth's detention, a medical professional either prescribes a new medication or renews a youth's previous prescription medication, the Forrest County Juvenile Detention Center will secure the prescription medication within 8 hours of receiving the prescription, if possible, but in no case, longer than 24 hours after receiving the new prescription, including weekends and holidays.   The Forrest County Juvenile Detention shall develop policies and procedures to ensure that medications are procured and distributed in accordance with professionally accepted standards.

1.4    The Forrest County Juvenile Detention Center shall develop and implement policies and practices that ensure all youth admitted to the facility are medically fit to be held in detention.

1.5    Upon admission to the Forrest County Juvenile Detention Center, all youth shall be offered a meal.

1.6    Upon admission to the Forrest County Juvenile Detention Center, all youth shall be permitted to telephone their parent or legal guardian free of charge and take a shower as soon as possible.

1.7    Within 60 days of the date of this agreement, the Forrest County Juvenile Detention Center shall develop and implement policies that limit all searches, except routine frisk searches to instances where Forrest County Juvenile Detention Center staff has a reasonable suspicion that a youth may possess contraband. Anytime a search other than a routine frisk search is conducted, the Forrest County Juvenile Detention Center staff must document, in writing, their suspicion, obtain permission from a supervisor, and conduct

the search in a manner that minimizes the intrusion into the youth's privacy. Male detention center staff will search male youth and female detention center staff will search female youth.

1.8 The Forrest County Juvenile Detention Center will support applications for alternative sanctions to secure detention that are reasonably calculated to reduce the demand for secure detention beds.

## II.   STAFFING AND OVERCROWDING

2.1 The Forrest County Juvenile Detention Center shall ensure that there are sufficient numbers of adequately trained direct care and supervisory staff to supervise youth safely, protect youth from harm, allow youth reasonable access to medical and mental health services, and allow youth adequate time spent in out-of-cell activities. Within 60 days of the date of this agreement, the Forrest County Juvenile Detention Center shall operate with a direct care staff to youth ratio of 1:8 from the hours of 6:00 a.m. until 10:00 p.m. and a ratio of 1:10 from the hours of 10:00 p.m. to 6:00 a.m. Nothing in this provision shall prohibit the use of adequately trained volunteers to provide services to detained youth.

2.2 If the staff-to-youth ratio falls below the requirements of § 2.1 for longer than two (2) days, the Director or his assignee shall immediately identify youth accused of nonviolent offenses who are eligible for less restrictive alternatives to secure detention and request an emergency release for eligible youth from the appropriate Youth Court. This provision shall not apply in the event that the Governor of Mississippi declares a state of emergency.

2.3     The maximum capacity of the Forrest County Juvenile Detention Center shall be calculated by determining how many youth can be held in the facility when no more than two youth are assigned to a two-person cell, and no more than one youth is assigned to a one person cell. A two-person cell is a cell that contains two built-in permanent bunks. A one-person cell is a cell that contains one built-in, permanent bunk. The capacity calculation shall not include cells that are regularly used for intake or observation, nor shall it include any cells that are not attached to a dayroom.   The current maximum capacity of the Forrest County Juvenile Detention Center is 32.

2.4     No more than two youth shall share a two-person cell, and no more than one youth shall be placed in a one-person cell.

### III.     CELL CONFINEMENT

3.1     Youth shall be engaged in structured, rehabilitative programming outside of their cells during the hours of 7:00 a.m. to 10:00 p.m. each day, including weekends and holidays.

3.2     Except when youth are in protective custody or confined subject to § 3.3 of this Agreed Order, youth placed in the Holding, Detox, or D-Unit cells shall be allowed to spend the hours of 7:00 a.m. to 10:00 p.m. on the appropriate living unit to have the opportunity to engage in structured, rehabilitative programming.

3.3     Youth who pose an immediate, serious threat of bodily injury to others may be confined in their cells for no longer than 8 hours at a time without administrative approval. Youth who are placed on cell confinement for this reason shall be released from their cells daily to attend school, maintain appropriate personal hygiene and to engage in one hour of large muscle exercise. Staff must perform visual checks on youth who are subject to cell confinement every fifteen minutes. Staff must document all instances of cell confinement

in writing and must document the justification for determining that a youth poses an immediate, serious threat of bodily injury.

3.4     Youth shall not be automatically subjected to mandatory cell confinement and/or isolation upon their admission to the Forrest County Juvenile Detention Center unless he or she would be subject to cell confinement under § 3.3. Nothing in this paragraph shall prohibit Detention Center staff from allowing youth to choose to spend time in their cells. No youth shall be subject to mandatory cell confinement unless he or she would be subject to cell confinement under § 3.3.  In the event that a youth opts to spend time in his or her cell, Detention Center staff shall develop policies and procedures for documenting voluntary cell confinement.

3.5     At all times between the hours of 7:00 a.m. to 10:00 p.m., at least one direct care staff shall be stationed on any living unit where two or more youth are placed,  and direct care staff shall be actively engaged with youth. From 10:00 p.m. to 7:00 a.m., staff shall conduct visual checks on youth every 15 minutes.  Within 60 days of the execution of this agreement, the Defendant shall ensure that every cell has an adequate communication system that allows youth to communicate with staff at all times.

## IV.    **STRUCTURED PROGRAMMING**

4.1     The Forrest County Juvenile Detention Center shall establish and administer a daily program, including weekends and holidays, to provide structured educational, rehabilitative, and/or recreational programs for youth during all hours that youth shall be permitted out of their cells, pursuant to § 3.1. Programming shall include:

a.   activities which are varied and appropriate to the ages of the youth

b.  structured and supervised activities which are intended to alleviate idleness and develop concepts of cooperation and sportsmanship; and

c.  supervised small group leisure activities, such as a wide variety of card and table games, arts and crafts, or book club discussions.

## V.   DISCIPLINARY PRACTICES AND PROCEDURES

5.1   The Forrest County Juvenile Detention Center shall develop a discipline policy and practice that incorporates positive behavior interventions and supports. This policy shall include guidelines for imposing graduated sanctions for rule violations and positive incentives for good behavior.

5.2   The Forrest County Juvenile Detention Center shall clearly communicate facility rules to all residents and post rules prominently throughout the facility.

5.3   Youth who violate major rules may be subject to room or cell confinement for up to 24 hours for a single rule violation. An occasion in which a youth is alleged to have contemporaneously violated multiple major rule violations shall count as a single rule violation for the purposes of this section. No youth shall be confined to a room for longer than 8 hours for a single rule violation without written notification of the alleged rule violation to the accused youth and the occurrence of a disciplinary review/due process hearing before an impartial staff member of the Forrest County Sherriff's Department (including but not limited to Detention Center Staff) who was not involved in the rule violation. The hearing shall include the participation of the   accused youth. Under no circumstances shall youth be subject to involuntary cell confinement for longer than 24 hours for disciplinary purposes. Youth who are placed on cell confinement shall be

7

released daily from their cells to attend school, maintain appropriate personal hygiene and to engage in one hour of large muscle exercise.

## VI.     **USE OF RESTRAINTS**

6.1 Mechanical restraints shall not be used to punish youth or for the convenience of staff. Mechanical restraints shall only be used to prevent self-harm, subject to § 6.4, and for transportation to and from court or outside the facility, subject to § 6.2.

6.2 Nothing in this section shall prohibit mechanical restraints from being placed on youth who are being transported to and from court or outside the facility, if staff have reason to believe that a youth presents a flight risk or will engage in violent behavior. Youth shall not be placed in a cell while wearing mechanical restraints.

6.3 The Forrest County Juvenile Detention Center will continue to prohibit the use of restraints to secure youth to a fixed object such as a restraint chair, bed, post, or chair.

6.4 No youth shall be restrained for longer than 15 minutes, unless restraints are approved by a mental health professional or if determined to be necessary under § 6.2. If a youth must be restrained for longer than 15 minutes in order to prevent self-harm, that youth shall, as quickly as possible, be evaluated by a mental health professional or transported to a mental health facility.

6.5 Forrest County Juvenile Detention Center shall not use or allow on the premises, restraint chair and tasers.

6.6 Forrest County Juvenile Detention Center Staff or any other officer shall not regularly carry chemical restraints in the secure part of the facility. Within 60 days of the effective date of this Agreed Order, the Forrest County Juvenile Detention Center shall keep chemical restraints in a locked and secured location, outside of the living areas. The

Forrest County Juvenile Detention Center shall develop a policy and procedure that requires staff to log the date, time, and justification for 1) each time a chemical restraint is removed from the locked, secured location, and 2) each time a chemical restraint is applied to a youth.

6.7   Forrest County Juvenile Detention Center will continue to prohibit unlawful restraints, including but not limited to, the practice of placing a youth face down on a bed, floor, or other surface, and securing the youth's hands to his feet.

6.8   When a youth is placed in mechanical restraints, staff must provide face-to-face supervision for the duration of the restraint, except when mechanical restraints are deemed to be necessary for the reasons specified in 6.2.

6.9   Forrest County Juvenile Detention Center shall notify a medical professional whenever a youth is placed in mechanical restraints for reasons other than those specified in § 6.2. A medical professional shall examine a youth as soon as possible after restraints are removed, except when a youth was restrained for the reasons specified in § 6.2.

6.10   Immediately, upon the Court's approval of this Agreed Order, the Forrest County Juvenile Detention Center shall take measures to ensure that no officer enters the secure detention area of the facility with any chemical restraints, except in accordance with § 6.6.

6.11   Immediately, upon the Court's approval of this Agreed Order, the Forrest County Juvenile Detention Center shall take measures to ensure that no officer enters the secure detention area of the facility with any electronic restraints, including, but not limited to tasers.

6.12   Immediately, upon the Court's approval of this Agreed Order, the Forrest County Juvenile Detention Center will continue to take measures to ensure that no officer enters the secure detention area of the facility with a firearm.

## VII.   USE OF FORCE

7.1   Physical force shall not be used to punish youth. Staff shall only use physical force to stop youth from causing serious physical injury to self or others or to prevent an escape. If physical force is necessary, staff must use the minimum amount required to safely contain the youth. Whenever possible, staff shall avoid the use of force by first attempting verbal de-escalation techniques. Staff shall be required to fully document in writing every instance of use of force.

7.2   Forrest County Juvenile Detention Center shall notify a medical professional whenever physical force is used against a resident. A medical professional shall examine a youth as soon as possible after the use of physical force.

## VIII.   MEALS AND NUTRITION

8.1   Youth shall be provided three meals and a snack daily. If a youth misses a meal because he or she is attending court, or some other appointment, he or she shall receive the missed meal upon his or her return to the Forrest County Juvenile Detention Center.

8.2    Within 30 days of the effective date of this agreement, all meals and snacks served to youth at the Juvenile Detention Center shall, at a minimum, comply with the nutrition guidelines set forth in the United States Department of Agriculture's School Meals Program standards.

8.3   Youth shall be provided ready access to drinking water throughout the day.

## IX.   CLOTHING

9.1   The Forrest County Juvenile Detention Center shall ensure youth are provided basic clothing items at all times. These items must include, at a minimum socks, underwear, uniform, shoes, and undershirts. For girls, these items must also include a bra. When appropriate, the Forrest County Juvenile Detention Center shall also provide youth with a coat, hat, and gloves. Youth may choose to use their own socks, underwear, and undershirts, and bras instead of those provided by the Detention Center. Youth must be provided with a clean uniform, socks, undershirt, underwear, and bra, if applicable, upon intake and at least once per day. No youth shall be deprived of these basic clothing items for any reason, including, but not limited to, as a punishment or because these items are being washed.

## X.   HYGIENE AND SANITATION

10.1   Youth shall be provided with the means to maintain appropriate hygiene, including soap and shampoo for showers, which will occur at least once daily, soap for washing hands after each time the youth use the toilet, and toothpaste and a toothbrush for tooth bushing, which will occur at least twice daily, a comb and brush, that if shared, shall be sterilized between uses by youth.

10.2   Youth shall be provided with sleeping mats and blankets that are clean and odorless and sleeping mats shall be sanitized between uses by youth and youth shall receive clean blankets weekly.

10.3   Under no circumstances shall youth be deprived of mats and blankets.

10.4   Forrest County Juvenile Detention Center shall be required to maintain a sufficient number of clean, sanitary mats and blankets that correspond with the facility's maximum capacity.

10.5   The Forrest County Juvenile Detention Center shall ensure that youth are provided with a clean, sanitary environment which shall include, but is not limited to, regularly cleaning the facility and facilitating regular pest control measures.

10.6   Within 90 days of the date of this agreement, Forrest County shall develop policies and practices to ensure that the Juvenile Detention Center complies with relevant law regarding fire safety, weather emergencies, sanitation practices, food safety and the elimination and management of environmental toxins.

10.7   Youth shall be provided with clean drinking glasses and eating utensils.

## XI.   MEDICAL CARE

11.1   The Forrest County Juvenile Detention Center shall execute contracts to ensure youth are provided with adequate medical care, including: prompt screenings; a full physical exam within 72 hours after their detention hearing or disposition order, as applicable; access to medical professionals and/or prescription medications when needed; and prompt transportation to a local hospital in the case of a medical emergency

11.2   The Forrest County Juvenile Detention Center shall ensure that a medical doctor and/or nurse practitioner is available to examine youth confined at the facility to identify and treat medical needs.

11.3   The Forrest County Juvenile Detention Center shall develop a sick call policy and practice which ensures that confined youth who request non-emergency medical attention

are examined by a medical professional within 24 hours of a youth placing himself on sick call, excepting weekends and holidays.

11.4   Prescription medications shall only be prepared by licensed medical staff, and preferably distributed by licensed medical staff. In the absence of medical staff prescription medications may be distributed by staff who have received proper and adequate training.

11.5   The Forrest County Juvenile Detention Center shall continue to provide medical and mental health services shall be provided in a manner that ensures the confidentiality of youth's health information.

## XII.   **MENTAL HEALTH CARE**

12.1   The Forrest County Juvenile Detention Center shall contract for or otherwise secure adequate mental health services to all confined youth with a mental health diagnosis or serious mental health need, as indicated by the MAYSI-2. This shall include, but is not limited to, the provision of individual and group counseling sessions upon the request of a youth or the youth's parent/guardian, access to a mental health professional at the detention center, and the distribution and medical monitoring of psychotropic medications by a medical professional.

12.2   Youth who are confined for longer than thirty (30) continuous days and who are prescribed psychotropic medications, shall be evaluated by a psychiatrist every thirty (30) days.

12.3   Within 72 hours of a youth's admission to the facility, the contractor shall develop individual mental health treatment plans for youth who are under the care of a mental health provider. Treatment plans shall emphasize continuity of care and shall ensure that whenever possible, youth are transported to appointments with their regular mental health

provider, whether the appointments are standing or made after the youth's initial detention.

## XIII.   **SUICIDE PREVENTION**

13.1   The Forrest County Juvenile Detention Center shall develop a multi-tiered suicide prevention policy that has at least three stages of suicide watch. Suicide watch shall not be used as punishment. The "suicide cell" shall be reserved for youth for whom the "suicide cell" is deemed necessary in conjunction with this suicide prevention policy.

13.2   Any youth placed on the highest level of suicide watch shall be evaluated by a mental health professional, ideally within 12 hours, but in no case, longer than 24 hours of his or her placement on suicide watch. If a youth on the highest level of suicide watch is not evaluated by a mental health professional within 24 hours, the youth shall immediately be transported to a local mental health facility or emergency room for evaluation and/or treatment.

13.3   Youth on suicide watch shall participate in recreation, school, and any other structured programming. Youth shall not be required to wear a "suicide gown" unless locked in a cell or unless a "suicide gown" is ordered by a mental health professional. Staff shall closely monitor youth on suicide watch, which includes logging activities every 15 minutes.

13.4   When a youth is placed on any level of suicide watch, a report shall be made within 24 hours to the appropriate youth court and to the youth's guardian.

## XIV.   **FAMILY SUPPORT AND INTERACTION**

14.1   Visitation privileges shall not be restricted or withheld from youth unless the detention center director determines that a visit will violate the security of the Forrest County Juvenile Detention Center or will endanger the safety of residents, visitors, or staff.

14.2   Within 60 days of the effective date of this Agreed Order, the Forrest County Juvenile Detention Center shall provide accommodations that allow youth to have contact visits with their families.

14.3   Visitation shall be regularly scheduled at least three times per week or approved by appointment, and shall include evening and/or weekend visitation times in order to encourage family visitation. The Forrest County Juvenile Detention Center shall permit the confined youth's own children to participate in visitation, as long as the minors' parent or guardian is present during the visit and authorized by the respective Youth Court.

14.4   Within 30 days of the effective date of this agreement, youth shall be afforded an opportunity to call parents, primary caretakers or legal guardians free of charge three times per week.  The hours youth may make calls shall encourage family contact.

14.5   Youth shall be afforded reasonable opportunities to call attorneys, Department of Human Services social workers, and Youth Court staff free of charge.

14.6   Youth may make and receive prescheduled, confidential phone calls with their attorneys. At the discretion of the Director or assignee, in emergency situations, youth may receive phone calls from parents, primary caretakers, or legal guardians.

## XV.   **MISCELLANEOUS PROVISIONS**

15.1   Forrest County Juvenile Detention Center will continue to provide male and female youth shall be provided with equal access to educational and rehabilitative services, medical care, and indoor and outdoor recreation.

15.2   All youth shall have the opportunity to engage in at least one hour of large muscle exercise a day outside, except in the case of inclement weather or a facility wide-emergency. If youth are unable to engage in at least one hour of large muscle exercise outside, Detention Center staff shall provide an opportunity for the youth to exercise indoors.

15.3   The Forrest County Juvenile Detention Center shall develop policies and practices to ensure staff shall not use profanity in the presence of youth, nor shall staff insult youth or call them names.

15.4   Within 30 days of the date of this agreement, the Forrest County Juvenile Detention Center shall develop and implement an adequate grievance policy that is accessible to all youth regardless of literacy levels, and that provides youth with the opportunity to appeal facility level determinations.

15.5   Within 30 days of the date of this agreement, the Forrest County Juvenile Detention Center shall develop and implement an adequate policy that allows youth of all ages and literacy levels with the opportunity to request to see their attorney and/or Youth Court counselor.

15.6   The Forrest County Juvenile Detention Center shall collaborate with the Plaintiffs to design and implement a comprehensive juvenile justice pre-service and in-service training program for detention center staff. Training shall include, but is not limited to,

the mandatory reporting requirements for direct care workers, the requirements of the Prison Rape Elimination Act, verbal de-escalation techniques,   adolescent brain development and developmental issues, effective communication with adolescents, effective documentation, appropriate use of force and restraint, and best practices for detention center administration.

## XVI.   **INDEPENDENT MONITORING**

16.1   The Defendant shall contract with an independent monitor who will be responsible for documenting the Defendant's compliance with the terms of this agreement and for providing and/or arranging technical assistance and training regarding compliance with this Agreed Order. The monitor should have substantial experience in the administration of constitutionally compliant juvenile justice facilities and have significant working knowledge of correctional staff management and training, security, medical and mental care for detained youth, youth development theory and positive behavior intervention and supports. The Parties will attempt to mutually select an independent monitor who meets this criteria. If the parties cannot reach an agreement regarding an independent monitor, both parties shall submit the names of three (3) potential monitors to the Court for the Court to appoint an appropriate independent monitor. The cost for the Monitor's fees and expenses shall be borne by the Defendant.

16.2   The Monitor shall have full and complete access to the facility, including but not limited to access to detained youth, institutional files, medical files, mental health files, educational files, video tapes, staff records, and all other information and other reports by staff, grievances, incident reports, and other relevant documents and files maintained by

the Forrest County Juvenile Detention Center.   The Defendant shall direct all staff to cooperate with the monitors.

16.3   All non-public information obtained by the Monitor shall be kept confidential, except that on a quarterly basis the Monitor shall file a report with the Court documenting the progress of compliance.

16.4   Neither party, nor any employee or agent of either party, shall have any supervisory authority over the monitor's activities, reports, findings or recommendations.

16.5   The Monitor shall be permitted to initiate and receive ex parte communications with all parties.

16.6    The Monitor shall file with the Court and provide the parties with reports describing the Defendant's steps to implement this Agreed Order and evaluate the extent to which the Defendant has complied with each substantive provision of this agreement. Such reports shall be issued quarterly, unless the parties agree otherwise. The reports shall be provided to the parties in draft form for comment at least two (2) weeks prior to their submission to the Court. These reports shall be written with due regard for the privacy interests of individual youth and staff and the interest of the Defendant in protecting against disclosure of non-public information.

16.7    The Monitor shall have a budget sufficient to allow he or she to fulfill the responsibilities described in this Agreed Order. The Monitor may consult experts or consultants retained by either party. All parties shall receive copies of all draft reports from experts to the Monitor prior to the issuance of any Monitor's report, and shall have the option of being present at briefings from such experts to the Monitor and Defendant. The Monitor may

initiate and receive ex parte communications with the parties and their respective experts and consultants.

## XVII.  **PLAINTIFFS' COUNSEL CONTINUED ACCESS**

17.1 Nothing in this Agreed Order shall disturb or contradict the Plaintiff's access to the Forrest County Juvenile Detention Center pursuant to the Agreed Order entered by the Court on April 12, 2011. *Disability Rights Mississippi v. Forrest County, Mississippi,* No. 2:11-cv-0053 (S.D. Miss April 12, 2011), ECF No. 11.

17.2 The Defendant agrees to facilitate Plaintiffs' access to the facility, residents and to records as necessary to ensure Plaintiffs' ability to track and monitor the Defendants'' compliance with this Agreed Order.

## XVIII. **COMPLIANCE, ENFORCEMENT AND DISMISSAL**

18.1 This Agreed Order shall be binding on all successors, assignees, contractors, employees, agents, and all those working for or on behalf of Forrest County, Mississippi.

18.2 The Defendant agrees that it shall not retaliate against any person because that person has filed or may file a complaint, provided information or assistance, or participated in any other manner in an investigation or proceeding related to this Agreed Order.

18.3 After the effective date of this Agreed Order, the Court shall retain jurisdiction to ensure that the parties fulfill their respective obligations under this Agreed Order. In the event that any matter related to this Agreed Order is brought to the Court, the Court may require briefing, and any remedy within the Court's jurisdiction shall be available.

The Parties agree that the remedies set forth in this Agreed Order are narrowly drawn, extend no further than necessary to correct the violation of federal rights and are the least intrusive means necessary to correct the violation of federal rights.

19

18.4    For purposes of settlement only, the Parties stipulate to class certification. The settlement class is defined as "of all youth who are currently or will in the future be confined at the Forrest County Juvenile Detention Center."

18.5    The Parties stipulate that nothing in this Agreed Order constitutes an admission of liability.

18.6    **Pursuant to the requirements of the Prison Litigation Reform Act 18 U.S.C. § 802, and upon a showing of substantial compliance with the terms of this order based on the independent monitor's reports, this Agreed Order will terminate two (2) years from its effective date.**

18.7    In the event that the Plaintiffs determine that the Defendant is non-compliant with any terms of this agreement, Plaintiffs will seek to meet and confer with Defendants and resolve issues of non-compliance informally before seeking court intervention. Plaintiffs will seek court intervention only instances of systemic non-compliance.

18.8    This Agreed Order shall not preclude any child who is currently confined at the Forrest County Juvenile Detention Center or who will be confined in the future from pursuing a claim related to his or her detention in either state or federal court. Nothing in this Agreed Order shall prohibit any child or his or her parent or guardian from hiring their own attorney to represent them regarding conditions of confinement or any other matter.

## XIX.   **FEES**

19.1    Defendant will reimburse the Plaintiffs in the amount of $12,500 for actual costs incurred to date in this action. The parties shall each bear their own costs related to the implementation of this Order and monitoring future compliance. However, the Plaintiffs

reserve the right to seek Attorneys' fees and costs in the event that they are forced to seek

court intervention because of the Defendant's non-compliance with this order.

SO ORDERED this ___ day of _____, 2011.

_____
UNITED STATES DISTRICT JUDGE

21

AGREED:

Jody E. Owens, II, Miss. Bar No. 102333

Sheila A. Bedi, Miss. Bar No. 101652

Southern Poverty Law Center
111 E. Capitol Street, Suite 280
Jackson, MS 39201
jody.owens@splcenter.org
sheila.bedi@splcenter.org

COUNSEL FOR PLAINTIFFS


AGREED:

Jim K. Dukes, Jr., Miss. Bar No. 6213
Dukes Dukes & Woods
226 W. Pine Street
Hattiesburg, MS 39401
jdukeslaw.com


David Miller, Miss. Bar No. 99638
Forrest County Board of Supervisors
641 N. Main Street
Hattiesburg, MS 39401
dmiller@co.forrest.ms.us

COUNSEL FOR DEFENDANT